Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| ERNESTO RUIZ ROMERO<br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Recurrido | TA2026RE00008 | Recurso<br>Extraordinario<br><br>Sobre:<br>Petición de<br>*Mandamus* |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de junio de 2026.

Comparece por derecho propio el Sr. Eduardo Ruiz Romero (señor Ruiz Romero o peticionario), utilizando el formulario OAT-1834, "Recurso de *Mandamus* ante el incumplimiento de una Agencia con el término adjudicativo". En el contenido de dicho formulario completado a mano, francamente ininteligible, se aduce, en lo esencial que, "secretaría se negó a coger recurso apelativo de tránsito de la policía municipal y estatal". A partir de lo cual se solicita nuestra intervención para ordenar a la Secretaría del Tribunal de Primera Instancia, Sala de Juan, (TPI), que atienda los recursos de revisión de multa administrativa de tránsito que, aduce, instó en dicho foro.

Sin embargo, son evidentes los problemas jurisdiccionales que confrontamos para atender tal recurso, como nos disponemos a discutir.

a.

Según la documentación ante nuestra atención, el 24 de mayo de 2026, se le expidieron sendas multas de tránsito al señor Ruiz Romero, por infracción a los Artículos 5.02(G)(1), conducir a exceso de velocidad, y 10.22,

desobedecer una señal del oficial, ambos de la Ley 22-2000, Ley de Vehículos y Tránsito de Puerto Rico (Ley de Tránsito), (9 LPRA secs. 5122 y 5302, respectivamente).[1] El peticionario también incluyó en el apéndice de su recurso los siguientes formularios, que presuntamente instó el 5 de junio de 2026 ante el TPI: 1) tres recursos de revisión de multa administrativa de tránsito; 2) dos citaciones; 3) dos mociones informativas y de petición de orden; 4) una solicitud para declaración de indigencia; y 5) una solicitud y declaración para que se exima de pago de arancel por razón de indigencia.

No obstante, en la misma fecha en que este instó los referidos formularios ante el TPI, el 5 de junio de 2026, también compareció ante nosotros, presentando el formulario OAT-1834, cuyo título adelantamos en la introducción.[2] En resumidas cuentas, aseveró que "secretaría se negó a coger recurso apelativo de tránsito de la policía municipal y estatal". Incluyó, además, lo siguiente:

> 1) No existe otro remedio en ley sobre estos casos para que el TPI lo acoja. La secretaria llamó al alguacil que es de Guayama para escoltarme y no tomar los documentos.
>
> 2) Existe un daño irreparable de pérdida de acceso a la corte, un derecho fundamental.
>
> 3) Existe un daño irreparable de pérdida de evidencia porque hay que expedir citaciones.
>
> 4) Solicito el sumario mun. San Juan y Secretario de Justicia a ser enviados a mi dirección.
>
> 5) En la alternativa, envíe el caso al TPI de Guayama y San Juan para vista de mandamus al [ininteligible] *officer* que se negó a tomar los recursos.
>
> [...]
>
> Solicito el alegato de Derecho se determine con oposición del ELA o se ordene antes de decisión.

### b.

#### i.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores

---

[1] Véase, Entrada Núm. 1 de SUMAC-TA, Apéndice, págs. 12 y 29.
[2] Véase, Entrada Núm. 1 de SUMAC-TA.

jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 de este Tribunal de Apelaciones, *supra*. *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* **requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción**; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. (Énfasis provisto). *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

ii.

Por su parte, el Art. 4.006 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 LPRA sec. 24 *et seq.*, le concede al Tribunal de Apelaciones la facultad de atender los siguientes asuntos, a saber:

> *(a) Mediante recurso de apelación de toda sentencia final dictada por el Tribunal de Primera Instancia.*
>
> *(b) Mediante auto de certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.*
>
> *(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.* [...]
>
> *(d) Cualquier panel del Tribunal de Apelaciones podrá expedir autos de hábeas corpus y de mandamus. Asimismo, cada uno de los jueces de dicho Tribunal podrá conocer en primera instancia de los recursos de hábeas corpus y mandamus* [...]
>
> *(e) Cualquier otro asunto determinado por ley especial.*
>
> 4 LPRA sec. 24y.

iii.

Por otro lado, el Artículo 23.05 de la Ley de Vehículos y Tránsito, 9 LPRA sec. 5686, establece el procedimiento administrativo con relación a las infracciones de tránsito. Por este medio, se facultó a los agentes del orden público a expedir boletos por cualquier falta administrativas de tránsito.

9 LPRA sec. 5685 (a). Según el mismo estatuto, los agentes del orden público expresarán en los boletos expedidos la falta o faltas administrativas infringidas, el monto de la multa, la fecha, la puntuación correspondiente y su firma. Dicho artículo dispone, además, que la copia entregada al conductor del vehículo o fijada en el carro, contendrá las instrucciones para solicitar la revisión judicial. 9 LPRA Sec. 5685 (c).

Con referencia al trámite a seguir por una persona que ha recibido un boleto por infracción a la Ley de Tránsito y no está conforme, el artículo 23.05 (l) de la Ley de Tránsito establece una vía de revisión, bajo los siguientes términos:

> [s]i el dueño del vehículo, el conductor, el concesionario de venta o el pasajero afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación. 9 LPRA sec. 5685 (l).

Lo anterior ha de ser leído en conjunto con la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24 *et seq.*, donde se establece la competencia de los jueces municipales para resolver ciertos tipos de casos civiles. Entre tales casos se encuentran los recursos de revisión por la expedición de un boleto administrativo bajo la Ley de Vehículos y Tránsito, supra. 4 LPRA Sec. 25(d)(6). Nuestro Tribunal Supremo ha identificado dicho procedimiento como uno de naturaleza civil y no criminal. *Hernández v. Secretario*, 164 DPR 390 (2005).

iv.

Finalmente, el *mandamus* es un recurso extraordinario que sólo procede en situaciones excepcionales. El artículo 649 del Código de Enjuiciamiento Civil, lo define como un recurso altamente privilegiado, dictado por un tribunal de justicia a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona, corporación o tribunal de inferior jerarquía dentro de su jurisdicción, requiriéndole el cumplimiento de algún acto que está dentro de sus atribuciones o deberes ministeriales. 32 LPRA

sec. 3421; *Kilómetro 0 v. Pesquera López et al.,* 207 DPR 200, 214 (2021); *Báez Galib y otros v. C.E.E. II*, 152 DPR 382, 391-392 (2000). Al ser un auto altamente privilegiado, su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. *Bhatia Gautier v. Gobernador*, 199 DPR 59, 75 (2017); *AMPR v. Srio. Educación, E.L.A.,* 178 DPR 253, 266 (2010). Se expide para hacer cumplir un deber ministerial claramente establecido por ley o que resulte de un empleo, cargo o función pública. *Noriega v. Hernández Colón*, 135 DPR 406, 447-448 (1994).

Las Reglas 54 y 55 de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), rigen los procedimientos de *mandamus* ante este Tribunal. En lo pertinente, la Regla 54, dispone que estos procedimientos se regirán por la reglamentación procesal civil, por las leyes especiales pertinentes y por las reglas del tribunal, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Conforme a lo anterior, la Regla 54 de Procedimiento Civil, 32 LPRA Ap. V, R. 54, establece que *el auto de mandamus, tanto perentorio como alternativo, podrá obtenerse presentando **una solicitud jurada al efecto.** Cuando se solicite dicho remedio y el derecho a exigir la inmediata ejecución de un acto sea evidente y aparezca que no se podrá dar ninguna excusa para no ejecutarlo, el tribunal podrá ordenar perentoriamente la concesión del remedio; de otro modo, ordenará que se presente una contestación. Íd.* (Cita omitida y énfasis suplido).

### c.

Son dos las causas que nos impiden considerar los méritos del recurso según fue presentado. Primero, de concebirse como un *mandamus*, no fue debidamente juramentado.[3] Tal omisión, de suyo, obsta en contra de su revisión.

---

[3] En el recurso presentado el espacio del formulario destinado a la declaración jurada está desprovisto de firma, y toda la sección bajo *Afidavit,* vacía. Entrada Núm. 1 de SUMAC-TA.

Segundo, carecemos de jurisdicción o autoridad para atender el recurso presentado porque, simplemente, no tenemos ante nosotros un dictamen emitido por foro primario que revisar, (más bien, no tenemos dictamen alguno del TPI). Dicho de otra manera, no se nos puso en posición de conocer la decisión del foro primario cuya revocación se nos solicita o corrección podamos sopesar. Ya señalamos que, por disposición del Art. 4.002 de la Ley 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, *supra*, **el Tribunal de Apelaciones es un foro revisor**, y, por ello, precisa de que el Tribunal de Primera Instancia emita un dictamen que pueda ser revisado. Es decir, este foro intermedio no es de jurisdicción original, (salvo dos excepciones que no acontecen aquí), de modo que, por disposición de ley, está circunscrito a intervenir con determinaciones sobrevenidas del foro primario (o de resoluciones finales administrativas).

En resumidas cuentas, el señor Ruiz Romero **no** recurre ante esta segunda instancia judicial de un dictamen emitido por el Tribunal de Primera Instancia o por una agencia administrativa. Tampoco presenta un recurso de *mandamus* que reúna los criterios establecidos por nuestro ordenamiento jurídico para ser expedido. De aquí nuestra afirmación de que el recurso, según ha sido presentado, no es susceptible de revisión por este Tribunal.

Al así determinar, somos conscientes de que la Ley de la Judicatura de 2003, *supra*, persigue brindar acceso fácil, económico y efectivo de la ciudadanía ante este Tribunal, así como permitir la comparecencia efectiva de apelantes por derecho propio. *Fraya, v. A.C.T.*, 162 DPR 182, 189-191 (2004). No obstante, aclaramos que por razón de que las partes comparezcan por derecho propio, no podemos obviar las normas que rigen la presentación de los recursos, ni evadir nuestra responsabilidad de verificar nuestra jurisdicción para revisar la determinación recurrida. A esos efectos, el Tribunal Supremo de Puerto Rico pronunció en el caso de *Febles v. Romar,* 159 DPR 714, 722 (2003), que "el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con

las reglas procesales". En virtud de todo lo anteriormente esbozado, carecemos de jurisdicción para entender en los méritos la petición presentada por el Sr. Maldonado Pagán.

**Parte dispositiva**

Por los fundamentos expuestos, desestimamos el presente recurso por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones